IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLTON C. WOODSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-105 |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

**Diamond, J.**                                                                                          **August 14, 2006**

## MEMORANDUM

Plaintiff Carlton Woodson challenges the denial of his claim for Disability Insurance Benefits under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 401–433. The Commissioner and Plaintiff have cross-moved for Summary Judgment. I conclude that the ALJ: 1) did not err in rejecting the opinion of Plaintiff's treating physician, and 2) adequately explained on credibility grounds his rejection of Plaintiff's subjective complaints of pain. Because the ALJ did not sufficiently explain his rejection of Plaintiff's claims of disabling fatigue, however, I remand this case to the ALJ for reconsideration and a statement of the facts supporting his conclusions.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff Carlton Woodson is 48 years old, has a high school education, and has worked as a cook and construction laborer. (Tr. 50, 64).

Plaintiff alleges that he has been disabled since July 1, 2000, due to Hepatitis C,

1

depression, and joint pain.  42 U.S.C. §§ 1381–83 (2004); (Tr. 50, 239).  Following the denial of his application for disability benefits, Plaintiff requested a hearing before an Administrative Law Judge.  On January 18, 2005, the ALJ held a hearing at which Plaintiff, medical expert Dr. Richard Cohen, and vocational expert Bruce Martin testified.  (Tr. 233-263).  On May 25, 2005, the ALJ concluded that Plaintiff was not disabled, finding that he retained the ability to perform light work, and alternatively, sedentary exertional work, provided it involves simple routine tasks.  (Tr. 16–25).  On November 7, 2005, the Appeals Council denied review of the ALJ's decision which, thus, became final.  (Tr. 5–7).

Plaintiff filed suit in this Court on January 10, 2006, and the parties filed cross motions for summary judgment.  The matter was referred to a Magistrate Judge, who has recommended that I deny Plaintiff's motion, grant the Commissioner's motion, and affirm the decision of the Commissioner denying benefits.

## STANDARD OF REVIEW

I may not review *de novo* the Commissioner's decision, nor may I re-weigh the evidence of record.  Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  Rather, I must affirm the Commissioner's decision so long as it is supported by substantial evidence.  See 42 U.S.C. §405(g); Montes v. Apfel, No. 99-2377, 2000 U.S. Dist. LEXIS 4030, at *2 (E.D. Pa. Mar. 27, 2000) (citing Richardson v. Perales, 402 U.S. 389, 401 (1972)).

Substantial evidence is "that which would be sufficient to allow a reasonable fact finder to reach the same conclusion; while it must exceed a scintilla, it need not reach a preponderance of the evidence."  Id. at *2; see also Jesurum v. Sec'y of U.S. Dept. Of Health and Human Services, 48 F.3d 114, 117 (3d Cir. 1995).  The ALJ must consider all relevant evidence in the

2

record and provide some indication of the evidence he rejected and why he rejected it.  See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).  If the ALJ's findings are supported by substantial evidence, then I am bound by them, even if I would have found different facts.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The extent of District Court review of a Magistrate Judge's Report is committed to the Court's discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I must review *de novo* those portions of the Report to which objection is made.  28 U.S.C. § 636 (b)(1)(c) (2004).  See generally Goney, 749 F.2d at 7.  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## DISCUSSION

To prove disability, a claimant must show that: (1) he is not currently engaged in "substantial gainful activity," as defined by the regulations; (2) he suffers from a "severe impairment"; (3) his disability meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; and (4) he does not have sufficient residual functional capacity to perform his past relevant work.  42 U.S.C. § 423(d)(2)(A) (2004); 20 C.F.R. § 404.1520(b)–(e).  The ALJ then considers a claimant's "ability to perform ('residual functional capacity'), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f).

Here, the ALJ found that although Plaintiff has not retained the residual functional capacity to perform his past relevant work, he has the capacity to perform light exertional work, and that "there are a significant number of jobs in the national economy that he [can] perform." (Tr. 24). The ALJ first found that Plaintiff suffers from hepatitis C and depression – "severe impairments" – that prevent him from performing his past work. (Tr. 24). The ALJ also found that although Plaintiff has a history of substance abuse, this condition is in remission and thus is not material to the determination of disability. (Tr. 24). In addition, the ALJ found that Plaintiff suffers from fatigue and depressed mood, but only at levels that limit Plaintiff to simple routine repetitive work. (Tr. 20). Finally, the ALJ rejected the opinion of Plaintiff's treating physician, Dr. Richard Brantz, finding that he "did not base his opinion of [Plaintiff's] disability in the form o[f] any findings, certainly no objective findings." (Tr. 18). Accordingly, the ALJ found that Plaintiff is not disabled.

The Magistrate concluded that the ALJ's findings were supported by substantial evidence. Plaintiff objects to the Report and Recommendation, arguing that the ALJ: (1) failed to give proper weight to the opinion of the Plaintiff's treating physician, and (2) failed properly to evaluate the Plaintiff's subjective complaints of pain and fatigue.

## I. The ALJ's Rejection Of Medical Opinion Evidence

Plaintiff contends that the ALJ did not properly defer to Dr. Brantz's conclusion that Plaintiff was totally disabled due to the effects of Hepatitis C. (Tr. 231-232). The Social Security Regulations provide that if

> a treating source's opinion on the issue[s] of the nature and severity of [a claimant's] impairment[s] is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

4

> the other substantial evidence in [the] record, [the opinion will have] controlling weight.

20 C.F.R. § 416.927(d)(2). Accordingly, the ALJ will customarily defer to a treating physician's opinion. See Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988); 20 C.F.R. § 404.1527(d). The ALJ may disregard that opinion, however, if it contradicts itself or is inconsistent with the entire medical record. S.S.R. 96-2p, 111 (Supp. 2003); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (an ALJ "may afford a treating physician's opinion more or less weight depending on the extent to which the supporting explanations are provided"); Harris v. Barnhart, No. 03-0213, 2004 U.S. Dist. LEXIS 12927 (E.D. Pa. July 7, 2004); see also Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991); Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994).

Here, as noted by the Magistrate Judge, Dr. Brantz's opinion is not well-supported and is in fact inconsistent with other evidence in the record, including his own reports. A January 8, 2002 abdominal ultrasound demonstrated no evidence of focal abnormalities, and a Temple University Hospital treatment note from January 31, 2002, indicated that Plaintiff was a "good candidate" for therapy. (Tr. 153, 175). In May 2002, a liver biopsy revealed that Plaintiff had "chronic hepatitis with minimal activity; with no significant increase in fibrosis." (Tr. 165). The notes from Plaintiff's subsequent treatment do not indicate that his condition would prevent him from working. (Tr. 143). Rather, they indicate only "mild anemia" and "no evidence of decompensated disease." (Tr. 142, 147). Accordingly, the notes only recommend "conservative treatment."

Dr. Brantz's own treatment notes further contradict his opinion that Plaintiff is permanently disabled. His August and October 2003 examinations of Plaintiff resulted in no

5

findings or test results indicating that Plaintiff cannot engage in gainful activity. On the contrary, in his October 30, 2003 report, Dr. Brantz noted that laboratory tests revealed "a normal lipid profile, a normal comprehensive profile, a normal hepatic function profile." (Tr. 189-190).

In these circumstances, the ALJ permissibly gave little weight to Dr. Brantz's disability determination as inconsistent with the Doctor's own observations and the remainder of the record. S.S.R. 96-2p, 11; Plummer, 186 F.3d at 429.

## II.     The ALJ's Credibility Findings

Plaintiff next contends that the ALJ improperly rejected Plaintiff's subjective complaints of pain and fatigue. (Pl. Objections at 3). I agree with the Magistrate that the ALJ acted within his discretion regarding Plaintiff's subjective complaints of *pain*. I believe that the ALJ did not address the issue of Plaintiff's subjective complaints of *fatigue*, however, and so I remand the case to the ALJ for further explanation.

The ALJ must weigh evidence, resolve evidentiary conflicts, and determine credibility. Plummer, 186 F.3d at 429; Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). I am obligated to accept the ALJ's findings unless they are without basis in the record. Torres v. Harris, 494 F. Supp. 297, 301 (E.D. Pa. 1980). The ALJ's decision must contain specific reasons for credibility findings, "supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Schwartz v. Halter, 134 F. Supp. 2d 640, 654 (E.D. Pa. 2001) (quoting SSR 96-7p; Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999)). Because the ALJ hears live testimony, District Courts are particularly reluctant to overturn an ALJ's credibility determinations. See

Washington v. Barnhart, No. 04-1137, 2005 U.S. Dist. LEXIS 4835, *24–*25 (E.D. Pa. 2005); see also Irelan v. Barnhart, 243 F. Supp. 2d 268, 284 (E.D. Pa. 2003) ("[The] ALJ is empowered to evaluate the credibility of witnesses, and [her] findings on the credibility of claimants 'are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.'") (quoting Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997)).

In this case, the ALJ made the following credibility determination:

> Thus, considering the claimant's subjective complaints in conjunction with the objective medical evidence of record in making this determination, I find that claimant's testimony regarding his limitations is exaggerated at least to the extent he is totally disabled.

The ALJ found that the Plaintiff was vague in describing the location, frequency, and duration of his pain. (Tr. 22). The ALJ further found that the Plaintiff's testimony concerning his functional limitations was not supported by the evidence of record. Id. The ALJ thus concluded that the Plaintiff's testimony regarding the severity of his pain was not completely credible. Id. In these circumstances, the ALJ adequately explained his credibility determination. See Plumer, 186 F.3d at 429; Wilson, 1999 U.S. Dist. LEXIS 16712 at *9.

The ALJ's analysis was not as complete with respect to Plaintiff's subjective complaints of severe fatigue, however. The Plaintiff testified that he cannot always sleep at night, and that he sleeps on and off during the day. (Tr. 246). He explained that if he does not get sufficient sleep at night, he sleeps throughout the day. (Tr. 252). Moreover, the Vocational Expert testified that if he were to credit the Plaintiff's testimony that fatigue and depression caused him to stay in his room half the day and sleep on and off during the day, then Plaintiff could not sustain any substantial gainful work. (Tr. 261). The ALJ failed specifically to evaluate this condition.

Rather, the ALJ made only the general statement that "claimant's testimony regarding his limitations is exaggerated." I believe that the ALJ is obligated to analyze the fatigue complaints as he did Plaintiff's complaints of pain. Accordingly, the ALJ is obligated to provide reasons for his credibility findings – supported by record evidence – that are sufficiently specific to show the ALJ's reasoning and the weight he gave to the Plaintiff's statements. Schwartz, 134 F. Supp. 2d 640, 654 (E.D. Pa. 2001) (quoting SSR 96-7p; Schaudeck, 181 F.3d 429, 433 (3d Cir. 1999)). Accordingly, I must remand this case to the ALJ for reconsideration and a clear and logical statement of the facts supporting his conclusions.

## CONCLUSION

For the reasons stated above, I remand this case to the ALJ for reconsideration and a statement of the facts supporting his findings regarding Plaintiff's complaints of fatigue.

An appropriate Order follows.

*/s Paul S. Diamond, J.*

_____
PAUL S. DIAMOND, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLTON WOODSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-105 |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

## ORDER

AND NOW, this 14th day of August, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 5), Defendant's Motion for Summary Judgment (Doc. No. 6), Magistrate Judge Linda Caracappa's Report and Recommendation (Doc. No. 8), Plaintiff's Objections (Doc. No. 9), and Defendant's Response (Doc. No. 11), it is hereby **ORDERED** as follows:

1. Magistrate Judge Caracappa's Report and Recommendation is **APPROVED** except to the extent that I am remanding.

2. Plaintiff's Objections are **GRANTED** to the extent that I am remanding;

3. The Defendant's Motion for Summary Judgment is **GRANTED** except to the extent that I am remanding;

4. The Plaintiff's Motion for Summary Judgment is **DENIED** except to the extent that I am remanding;

5. The matter is **REMANDED** to the ALJ for proceedings consistent with the foregoing opinion.

The Clerk of Court shall close this matter for statistical purposes.

              BY THE COURT

              */s Paul S. Diamond, J.*
              _____
              PAUL S. DIAMOND, J.